United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-21164
Summary Calendar

———————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SAMUEL JAMES WILLIAMS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-227-1
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and PICKERING, Circuit
Judges.

PER CURIAM:[*]

Samuel James Williams was convicted in a bench trial of
being a felon in possession of a firearm. He argues on appeal
that the district court erroneously based its denial of his
motion to suppress on Fields v. City of South Houston, 922 F.2d
1183 (5th Cir. 1991), because Fields has since been implicitly
overruled by intervening Supreme Court cases, including Wilson v.
Arkansas, 514 U.S. 927 (1995), and Atwater v. City of Lago Vista,
532 U.S. 318 (2001).

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court is bound by its decision in <u>Fields</u> unless the Supreme Court intervenes and implicitly or explicitly overrules <u>Fields</u>. See <u>United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999). "[F]or a panel of this court to overrule a prior decision, we have required a Supreme Court decision that has been fully heard by the Court and establishes a rule of law inconsistent with our own." <u>Causeway Medical Suite v. Ieyoub</u>, 109 F.3d 1096, 1103 (5th Cir. 1997), <u>overruled on other grounds by Okpalobi v. Foster</u>, 244 F.3d 405 (5th Cir. 2001)(en banc). <u>Wilson</u> did not consider any aspect of the <u>Fields</u> rule that a warrant is not required for arrests for misdemeanors occurring outside of an arresting officer's presence. See <u>Wilson</u>, 514 U.S. at 929-37. In <u>Atwater</u>, the Supreme Court specifically declined to consider whether "the Fourth Amendment entails an 'in the presence' requirement for purposes of misdemeanor arrests." <u>Atwater</u>, 532 U.S. at 340 n.11. Therefore, <u>Wilson</u> and <u>Atwater</u> did not establish a rule of law different from that in <u>Fields</u> and we are bound by our decision in <u>Fields</u>. See <u>Causeway Medical Suite</u>, 109 F.3d at 1103.

Williams also argues that <u>Atwater</u> and <u>Maryland v. Pringle</u>, 124 S. Ct.795 (2003), plainly suggest that there is a presence requirement for warrantless misdemeanor arrests. However, neither <u>Atwater</u> nor <u>Pringle</u> specifically considered this issue. See <u>Pringle</u>, 124 S. Ct. at 798-99; <u>Atwater</u>, 532 U.S. at 340 n.11. Therefore, the district court's decision is AFFIRMED.